[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two matters, Aida Gonzalez, ppa et al v. Diversified Waste Disposal, Inc. (Diversified) Docket #118943 and Aida Gonzalez, ppa et al v. The Cruess Realty Company (Cruess) Docket #121284 were tried together after a Motion to Consolidate in the former file was granted on August 18, 1994. The Diversified file was commenced by the plaintiff's complaint dated January 7, 1994 which had a return date of February 22, 1994. The defendant Diversified filed an answer, dated May 24, 1994. The matter was claimed for the trial list on May 31, 1994.
The Cruess file was commenced by the plaintiff's complaint dated May 31, 1994 with a return date of July 12, 1994. The defendant Cruess filed an amended answer and special defense dated October 28, 1994. The matter had previously been claimed to the trial list on September 26, 1994.
The plaintiff Aida Gonzalez is the mother of the plaintiff Heriberto Batista a minor who was injured on June 10, 1992 when a garbage dumpster fell on him. Said dumpster was located on the defendant Cruess' property at 70 Plaza Avenue, Waterbury, Connecticut and was owned by the defendant Diversified. Diversified Waste Disposal, Inc. is a corporation doing business in Connecticut and The Cruess Realty Company is a Connecticut corporation. Roy Cruess, the Vice-President of Cruess testified as did Eric Ramondi the general manager of Diversified. Mr. Ramondi was operations manager of Diversified on June 10, 1992.
Mrs. Gonzalez testified that she walked her son, the plaintiff, and her daughter Leslie Batista to school each day in 1992. On June 10, 1992 she was walking to school with her son Heriberto, the plaintiff, then aged seven years on her left or inside of her and her daughter Leslie, then age eleven years on her right or outside of her. She testified they were all holding hands. She testified she had previously told her son Heriberto not to touch the garbage or dumpster because it could have needles in it. She testified she walked her children to school everyday that year and that she saw the dumpster everyday but that she did not remember if it was always in the same location each day. Mrs. Gonzalez did state that on June 9, 1992 and for the previous thirty (30) days the subject dumpster was tilted.
The plaintiff Aida Gonzalez testified that on June 10, 1992 as she and her children were walking past the subject dumpster, her son Heriberto brushed his hand along said dumpster and that CT Page 1309 it then fell over on him causing displaced fractures of the distal tibia and fibula involving the growth plates (Exhibit A). She testified when this occurred she and her daughter lifted the dumpster off her son and he was able to get out from under it. The court and the attorneys for each party viewed the premises at 70 Plaza Avenue, Waterbury, Connecticut prior to the start of testimony. Also the attorneys and the court viewed a dumpster similar to the subject dumpster prior to taking any evidence. The court order the dumpster it viewed to be turned over and put in the same position as it was after it allegedly fell on the plaintiff. The court then asked the plaintiff, Aida Gonzalez and her daughter Leslie Batista to lift up the dumpster as they allegedly had when it allegedly fell on the plaintiff. They did this quite easily. Mr. Romandi testified that the dumpster weighed 420 pounds. After the plaintiff was out from under the dumpster, his mother picked him up, took him home and called a friend to take them to the hospital. She said the right ankle swelled up very quickly.
At the St. Mary's Hospital Emergency Room the plaintiff was given a needle and he fell asleep. While there he had a cast up to his knee put on his right ankle, foot and leg. This cast was on about two months according to Heriberto and his mother. Mrs. Gonzalez testified that Heriberto missed one week from school and could not do the things a seven year old boy would do during the summer following this incident.
The plaintiff Heriberto Batista testified that he ran his hand along the dumpster and it fell over on him causing injuries to his foot. He stated that he could not do all the things that summer following the injury that he would have done had he not been injured. He stated that at times when he participated in gym in school the following year his leg had pain and he had to stop participating in the class. He did state that his leg and ankle have not hurt him for the past year. He further stated that his leg and ankle does not prohibit him from doing any activity at this time.
Ray Cruess the Vice-President of the defendant The Cruess Realty Company testified that that firm owns 70 Plaza Avenue, Waterbury, Connecticut and has since the 1970's. There is a six unit apartment house on those premises of which three units are now rented. He stated the dumpster was for the tenants use and convenience in June, 1992. He stated that he believed the defendant Diversified Waste Disposal, Inc. purchased the former CT Page 1310 company that provided the dumpster to his firm in 1991 or 1992. He stated the former company was either A.J. Carting Company or American Refuse Company. Mr. Cruess said he had a written contract with the former refuse company but he did not know when it was signed. He stated he did not care where Diversified placed the dumpster on his firm's property as long as it was within the law. He stated Diversified serviced the dumpster once a week in June 1992 and that his firm paid monthly for this service. He testified Diversified was solely responsible for the maintenance of said dumpster and for the placement thereof. He stated he never got complaints about the dumpster.
Eric Ramondi the general manager of Diversified testified that his firm purchased American Refuse Company in early 1992 and that included in the purchase was the defendant Cruess' account. He stated that in the defendant Cruess' file was one piece of paper. He stated the contract between the defendant Diversified and the defendant Cruess was oral. He stated that generally his company and the customer agree on the location of a dumpster. He stated it was generally important to place a dumpster on a flat level surface because they have wheels on them. He stated that when Diversified took over the defendant Cruess' account in early 1992, the proper location of the dumpster was at the top of the driveway. He stated that he knows of one and probably a second instance where the driver for Diversified could not empty the Cruess' dumpster into his truck because the dumpster had been moved. However, he had no idea of the dates of those instances. He also stated that Diversified was not responsible for injuries or damages caused by the dumpster if the dumpster had been moved from its location.
When the court visited the scene with the attorneys, the plaintiffs pointed out where the dumpster was positioned just prior to its falling on the plaintiff Heriberto Batista. The court would state that the position pointed out to the court was a group of rocks and broken cement forming a decline toward the sidewalk. In the court's opinion it was not a proper location for a dumpster such as the one involved here.
In this matter the owner of the dumpster and the owner of the property on which the dumpster was placed are both responsible to take reasonable care to insure that the dumpster does not injure anyone. Here the plaintiff was walking on a city sidewalk which he had every right to do when the dumpster fell on him. CT Page 1311
The plaintiff's bills were $706.79 for the St. Mary's Hospital Emergency Room on June 10, 1992; (Exhibit D) $305.46 for follow up care at the St. Mary's Hospital Pediatric Clinic (Exhibit E); and $420.00 for an examination by Doctor Richard Matza on September 21, 1994 (Exhibit F). These bills total $1,432.25. As stated before, the plaintiff Heriberto Batista sustained multiple small minimally displaced fractures of the distal tibia and fibula involving the growth plates. He was seven years old when this occurred.
After hearing the evidence, the court finds that the plaintiffs have sustained their burden of proof on each complaint and therefor finds the issues for the plaintiffs on each complaint. The court finds that the plaintiff Heriberto Batista did not contribute to this accident in any way. The court finds that each defendant namely, The Cruess Realty Company and Diversified Waste Disposal, Inc. are equally liable to the plaintiffs, Aida Gonzalez parent and next friend of the plaintiff Heriberto Batista. The court awards the plaintiff Aida Gonzalez as parent and next friend of the plaintiff Heriberto Batista economic damages of $1,432.25, to be paid equally by each defendant. The court awards the plaintiff Heriberto Batista non economic damages of $20,000.00 to be paid equally by each defendant. In addition, the court awards the plaintiffs costs which are to be paid equally by each defendant.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.